IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARLA FAITH CRAWFORD,**

   **Plaintiff,**

v.                   **Civil Action No. 3:20cv813**

**THE HONORABLE MELVIN HUGHES,**

   **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on four motions:

(1) Defendant the Honorable Melvin Hughes's ("Judge Hughes") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] and 12(b)(6)[2] (the "Motion to Dismiss"),[3] (ECF No. 6);

(2) *pro se*[4] Plaintiff Marla Faith Crawford's Motion to Disqualify Opposing Attorney (the "Motion to Disqualify"),[5] (ECF No. 9);

---

[1] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[3] Judge Hughes included with the Motion to Dismiss a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (Mot. Dismiss 2.) The Roseboro Notice informed Crawford that she had twenty-one (21) days to respond to the Motion to Dismiss, and that the Court could enter a judgment against her if she failed to respond. (*Id.*)

[4] Because Crawford proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

[5] In the Motion to Disqualify, Crawford seeks to disqualify any attorney within the Office of the Attorney General for the Commonwealth of Virginia from representing Judge Hughes because of an "impermissible conflict of interest." (Mot. Disqualify 1, ECF No. 9.) Because the Court will grant Judge Hughes's Motion to Dismiss, it will deny as moot the Motion to Disqualify. *Gutierrez v. E. Beach Bay-Marine Marina, Inc.*, No. 2:14cv476, 2015 WL

(3) Plaintiff Crawford's Motion to Introduce Transcript into the Record (the "Motion to Introduce"),[6] (ECF No. 10); and,

(4) Plaintiff Crawford's Motion to Amend Response to Opposing Counsel on Motion to Introduce Transcript into the Record, (the "Motion to Amend"),[7] (ECF No. 17).

Crawford responded to the Motion to Dismiss. (ECF No 8.) Judge Hughes replied. (ECF No. 11.)

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Because the Court lacks jurisdiction over this matter, the Court will grant the Motion to Dismiss. Even if the Court were able to exercise jurisdiction over this

---

13064927, at *8 (E.D. Va. Sept. 23, 2015), *aff'd*, 639 F. App'x 179 (4th Cir. 2016) (dismissing plaintiff's motion to disqualify attorney as moot after granting defendant's motion to dismiss); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 684 (E.D. Va. 2008) (same).

[6] In the Motion to Introduce, Crawford seeks to introduce the transcript of a July 9, 2019 hearing in the Circuit Court for the City of Richmond before Judge Hughes. (Mot. Introduce 1, ECF No. 10.) The Court will deny the Motion to Introduce because: (1) the July 9, 2019 transcript does not relate to any allegations before this Court; (2) it constitutes a sur-reply in violation of this Court's local rules; and, (3) the Court, as will be explained below, lacks jurisdiction over this matter. The transcript is irrelevant to the adjudication of this case as Crawford makes no mention of the July 9, 2019 hearing in either the Complaint, (ECF No. 1), or her response to the Motion to Dismiss (the "Response"), (ECF No. 8).
   Even if the transcript were relevant, Crawford would offer it only as support for her Complaint or Response. And any argument that Crawford showed a recognition that the Richmond City School Board was in debt to her (among other arguments) would be unavailing. More importantly, the Parties have completed briefing on those matters, meaning her Motion to Introduce the transcript violates Local Rule 7(F)(1). E.D. Va. Loc. Civ. R. 7(F)(1) (providing that after the parties have properly briefed a motion, "[n]o further briefs or written communications may be filed without first obtaining leave of Court"). Although the Court may overlook local rules violations, it will not do so here because the Court lacks jurisdiction over this case. Accordingly, the Court will deny the Motion to Introduce.

[7] In the Motion to Amend, Crawford requests permission to correct an error in her reply for the Motion to Introduce, (ECF No. 15). (Mot. Amend 1, ECF No. 17.) As stated above, the Court will deny the Motion to Introduce, rendering moot the Motion to Amend. For this reason, the Court will deny the Motion to Amend.

2

action, the Court would grant the Motion to Dismiss as Crawford fails to state a claim against Judge Hughes. As a result, the Court will dismiss the Complaint without prejudice.[8]

## I. Factual and Procedural Background

This action arises from two Virginia Circuit Court proceedings in which Judge Hughes allegedly violated Crawford's Fourteenth Amendment[9] right to equal protection under the law: one proceeding involved the title to and possession of 1913 Clearfield Street, Richmond, Virginia 23224 (the "Eviction Proceeding"), and the other involved money that Crawford claimed the Richmond City School Board owed her (the "Collection Proceeding"). (Compl. 4, ECF No. 1.) For the alleged violations of her constitutional rights, Crawford seeks compensatory damages, punitive damages, and declaratory relief under 42 U.S.C. § 1983.[10] (*Id.* 5.)

---

[8] Dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted).

[9] The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

[10] 42 U.S.C. § 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

A. **Factual Allegations**[11]

In her Complaint, Crawford, an African American female, alleges that Judge Hughes violated her right to equal protection under the Fourteenth Amendment based on his judicial actions in two state court proceedings: the 2007 Eviction Proceeding and the 2019–2020 Collection Proceeding. (Compl. 4.) Crawford alleges that in these state court proceedings, Judge Hughes "violated . . . her rights to housing and rights to money that [she] earned to ensure the opposing party (White Man and or Woman) prevailed or bring [sic] harm to [Crawford]." (Compl. 4.)

The Eviction Proceeding involved the title to and possession of 1913 Clearfield Street, Richmond, Virginia 23224 (the "Property"). (*Id.* 4–5.) According to Crawford, "[i]n 2007, [Judge] Hughes gave [the Property] to a white male and [Crawford] was arrested for living in [the Property]." (Compl. 4.) Crawford alleges that she "went back to to [sic] Court around 2011 and was denied." (*Id.*) Because of Judge Hughes's judicial actions in the Eviction Proceeding, Crawford avers that she "was homeless from 2007–2008 and lived with a family member," and that "[s]he rented a home from 2008–2012 [and] purchased another home in 2012." (*Id.*)

In materials outside her pleadings, Crawford argues that "Judge Hughes had no authority to impose an eviction in 2007." (Resp. 11, ECF No. 8.) Crawford submits that on May 18, 2006, the Property was sold for $90,000 in exchange for "a Bargain Deeds [sic] of Sale." (Resp. 1, ECF No. 8.) Crawford maintains that her "signature was forged" on the deed, and that "fraud . . . occurred." (*Id.* 2.) Crawford argues that despite the alleged fraud, Judge Hughes "gave [the Property] to the party that forged her signature . . . and ignored that [Crawford] had a

---

[11] For the purpose of the Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

4

mortgage on the [P]roperty." (*Id.*) Crawford allegedly "filed a motion to reopen the case prior to the Circuit Court jurisdiction expiring." (*Id.*) Crawford contends that Judge Hughes "used his judicial authority not to hear" the motion and ordered that Crawford "be arrested for living in [the Property]." (*Id.*) Finally, Crawford alleges that throughout the Eviction Proceeding, Judge Hughes "refused and denied" "[e]verthing [Crawford] tried to present." (*Id.* 3.)

More than a decade later, in 2019 and 2020, Crawford appeared before Judge Hughes in the Collection Proceeding. (*See* Compl. 4.) This unrelated proceeding arose from a $27,083.36 bill that Crawford claimed the Richmond City School Board owed her. (*See* Resp. Ex. 1 "December 17, 2019 Hearing Transcript" 43, ECF No. 8-1.) In her Complaint, Crawford maintains that Judge Hughes "changed the hearing date" and "subsequently ruled in opposition of Va. [Code §] 8.01-28[12] denying [Crawford] money that defense counsel (White Female) indicated her client was responsible for." (Compl. 4.) According to Crawford, the Court entered a "nonfinal Order drafted by the opposing party" on January 10, 2020, even though "the Court's jurisdiction expired" on January 7, 2020 under Rule 1:1 of the Rules of the Supreme Court of

---

[12] Virginia Code § 8.01-28 applies to judgments given in action upon a contract or note. That statute states in pertinent part:

> In any action at law on a note or contract . . . for the payment of money . . . , if (i) the plaintiff files with his motion for judgment or civil warrant an affidavit made by himself or his agent, stating therein to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which plaintiff claims interest, and (ii) a copy of the affidavit together with a copy of any account filed with the motion for judgment or warrant . . . , the plaintiff shall be entitled to a judgment on the affidavit and statement of account without further evidence unless the defendant either appears and pleads under oath or files with the court before the return date an affidavit or responsive pleading denying that the plaintiff is entitled to recover from the defendant on the claim. . . .

Va. Code § 8.01-28. In the instant matter, Crawford submits a transcript from a December 17, 2019 hearing in the Collection Proceeding, during which she confirms that she never had a contract with the Richmond City School Board to perform the work for which she sought payment. (Dec. 17, 2019 Hr'g Tr. 45.) Section 8.01-28 therefore would not pertain as that statute applies only in actions "at law on a note or contract." Va. Code § 8.01-28

5

Virginia ("Rule 1:1").[13] (*Id.*) Crawford argues that because Judge Hughes acted "outside his jurisdiction," she incurred "additional legal expenses." (*Id.* 5.)

### B. Procedural Background

On October 20, 2020, Crawford filed her Complaint. In the Complaint, Crawford brings an action under 42 U.S.C. § 1983 for Judge Hughes's violation of her Fourteenth Amendment right to equal protection under the law. (Compl. 3.) As relief for her injuries, Crawford seeks: (1) a declaration that any deed of sale involving the Property is void, and that Crawford holds valid title to the Property, or in the alternative, that she is entitled to $236,000, the value of the Property as of October 18, 2020; (2) damages of $41,790 to compensate her for rent paid from 2008 through 2012; (3) legal fees and expenses incurred from December 17, 2019 to the present; and, (4) punitive damages of $1.5 million for her homelessness, loss of possessions, and arrest for living in the Property. (Compl. 5.)

On December 14, 2020, Judge Hughes (by counsel) moved to dismiss Crawford's action under Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Mot. Dismiss 1, ECF No. 6.) Crawford timely responded, (Resp. 1), and Judge Hughes replied. (Reply 1, ECF No. 11). Crawford also filed the Motion to Disqualify, (ECF No. 9), and Motion to Introduce, (ECF No. 10). Judge Hughes responded to the Motion to Disqualify and the Motion to Introduce, (ECF Nos. 12, 13), to which Crawford replied. (ECF Nos. 14, 15.) Thereafter, Crawford filed the Motion to Amend

---

[13] That rule states in pertinent part:

> All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . .

Va. Sup. Ct. R. 1:1(a).

and the Amended Reply for her Motion to Introduce. (ECF Nos. 17, 19.) Judge Hughes did not respond to the Motion to Amend or the Amended Reply, and the time do so has expired.

For the reasons articulated below, the Court will grant the Motion to Dismiss.

## II. Standards of Review

### A. Rule 12(b)(1) Motion to Dismiss

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject-matter jurisdiction in two ways. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (citing *Adams*, 697 F.2d at 1219). "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he [or she] would receive under a Rule 12(b)(6) consideration.'" *Kerns*, 585 F.3d at 192 (quoting *Adams*, 697 F.2d at 1219). In such a challenge, a court assumes the truth of the facts alleged by plaintiff. *See Int'l Longshoremen's Ass'n,* 914 F. Supp. at 1338.

Alternatively, a Rule 12(b)(1) motion may also challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (citing *Adams*, 697 F.2d at 1219). In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to

7

determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen*, 549 F.2d at 891); *see also Adams*, 697 F.2d at 1219.

### B. Rule 12(b)(6) Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*,

8

588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). "[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit . . . , the exhibit prevails." *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

### III. Analysis

The Court will grant the Motion to Dismiss pursuant to Rule 12(b)(1) because the Court lacks jurisdiction. Judicial immunity, Eleventh Amendment immunity, and the *Rooker–Feldman* doctrine bar this action. Alternatively, even if this Court had jurisdiction, it would grant the Motion to Dismiss pursuant to Rule 12(b)(6) because Crawford fails to state a claim.

### A. Judicial Immunity and Eleventh Amendment Immunity Bar Crawford's Action, Depriving This Court of Jurisdiction

The Court lacks jurisdiction pursuant to Rule 12(b)(1) because judicial immunity and Eleventh Amendment[14] immunity bar Crawford from bringing this § 1983 action against Judge Hughes for decisions he rendered in these two judicial proceedings.[15] First, judicial immunity bars this suit because the conduct at issue constitutes judicial action. Second, Eleventh Amendment immunity bars this suit because, at all relevant times, Judge Hughes acted in his official capacity as a judge in the Circuit Court for Richmond. Because both forms of immunity bar Crawford's action, the Court will grant the Motion to Dismiss.

#### i. Judicial Immunity Applies to Judge Hughes in this § 1983 Action

It is well-settled that judges are immune from liability for damages arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)). The doctrine of judicial immunity is expansive. *See Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when

---

[14] The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[15] "Although somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Chien v. Motz*, No. 3:18cv106, 2019 WL 346761, at *6 (E.D. Va. Jan. 7, 2019), *report and recommendation adopted*, No. 3:18cv106, 2019 WL 346406 (E.D. Va. Jan. 28, 2019) (Lauck, J.); *see also Haley v. Va. Dep't of Health*, No. 4:12cv16, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) (noting a trend "to treat Eleventh Amendment immunity motions under Rule 12(b)(1)").

such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355–56; *see also Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("judicial immunity attaches even if the act in question was in excess of his [or her] authority"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citation omitted). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he [or she] took the challenged action he [or she] had jurisdiction over the subject matter before him[ or her]." *Stump*, 435 U.S. at 356.

In the Motion to Dismiss, Judge Hughes properly invokes judicial immunity because Crawford challenges rulings he made in two state court proceedings. (Mem. Supp. Mot. Dismiss 5–6, ECF No. 7.) Moreover, neither exception to judicial immunity applies. Liberally construing Crawford's Response, she argues that Judge Hughes's actions involved "administrative, legislative, or executive functions," meaning they were nonjudicial in nature. (Resp. 10 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988).) But "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his [or her] judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362). Judge Hughes's decisions at issue—evicting Crawford from the Property in 2007 and entering the January 10, 2020 nonfinal order in the Collection Proceeding—constitute judicial actions because ordering an eviction and entering an order are "function[s] normally performed by a judge," and the parties in both proceedings dealt with Judge Hughes "in his judicial capacity." *Mireles*, 502 U.S. at 12. Indeed, these decisions exemplify "paradigmatic judicial acts," as they related to the resolution of "disputes between parties who ha[d] invoked

11

the jurisdiction of [the] court." *Forrester*, 484 U.S. at 227. The first exception to judicial immunity therefore does not apply.

Nor does the second exception apply. While Crawford alleges that Judge Hughes "had no authority to impose an eviction" in the Eviction Proceeding, (Resp. 11), and that Judge Hughes operated "outside his jurisdiction" in the Collection Proceeding, (*Id.* 5), those allegations, without more, do not amount to a "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. As a judicial officer presiding over a Virginia Circuit Court, Judge Hughes had "jurisdiction over the subject matter before him" in the both the Eviction and Collection Proceedings. *Stump*, 435 U.S. at 356. Judge Hughes had jurisdiction over the subject matter of the Eviction Proceeding because that case constituted a civil unlawful detainer action involving possession of the Property. *See* Va. Code § 8.01-124.[16] Judge Hughes also had jurisdiction over the subject matter of the Collection Proceeding because that proceeding involved a civil action to collect $27,083.36. *See* Va. Code § 17.1-513.[17] Even if entering the January 10, 2020 nonfinal order allegedly in violation of Rule 1:1 constitutes an action taken "in error" or in "excess of . . .

---

[16] That statute provides in pertinent part that:

> If . . . , when the entry [upon lands] is lawful and peaceable, the tenant shall detain the possession of land after the right has expired, without the consent of him who is entitled to the possession, the party so turned out of possession . . . or the party against whom such possession is unlawfully detained may file a motion for judgment *in the circuit court* alleging that the defendant is in possession and unlawfully withholds from the plaintiff the premises in question.

Va. Code § 8.01-124 (emphasis added).

[17] That statute provides in pertinent part that:

> [The circuit courts] shall have original and general jurisdiction of all civil cases, except cases upon claims to recover personal property or money not of greater value than $100, exclusive of interest, and except such cases as are assigned to some other tribunal.

Va. Code § 17.1-513.

12

authority," such conduct would not destroy judicial immunity under clear United States Supreme Court precedent. *Stump*, 435 U.S. at 356 (entitling a judge to immunity even if "the action he [or she] took was in error . . . or was in excess of his [or her] authority").

Because neither exception to judicial immunity applies, Judge Hughes is absolutely immune from this § 1983 action. *Id.* at 355–56; *Mireles*, 502 U.S. at 11. Accordingly, the Court must dismiss Crawford's claims against him.

### ii. **Eleventh Amendment Immunity Shields Judge Hughes from This Suit**

Separately, Eleventh Amendment immunity shields Judge Hughes from this § 1983 suit. Eleventh Amendment immunity applies to "[s]tate officers acting in their official capacity," because such a suit "is not a suit against the official but rather is a suit against the official's office." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (quoting *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989)). "The Eleventh Amendment bar to suit is not absolute." *Lee-Thomas v. Prince George's Cnty. Public Schs.*, 666 F.3d 244, 248–49 (4th Cir. 2012). Three well-known exceptions to Eleventh Amendment immunity exist: congressional abrogation, state waiver, and the *Ex Parte Young* exception. *Id.* at 249. First, Congress abrogates sovereign immunity via statute when it "unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Id.*; *Haley*, 2012 WL 5494306, at *3. Second, a state waives its immunity only when it does so "by the most express language or by such overwhelming implications from the text [of a statute that] leave no room for any other reasonable construction." *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987) (first alteration added). Finally, the recognized doctrine from *Ex Parte Young*, 209 U.S. 123 (1908), allows prospective injunctive relief against state officials for ongoing violations of federal law. *See Lee-Thomas*, 666 F.3d at 249; *Haley*, 2012 WL 5494306, at *6.

13

Eleventh Amendment immunity applies here. Crawford complains of actions Judge Hughes undertook while acting in his official capacity as a Virginia Circuit Court judge. (*See* Compl. 4.) As a result, Eleventh Amendment immunity bars this § 1983 action unless an exception exists. None of the three exceptions pertain. First, congressional abrogation does not apply, as the Supreme Court of the United States "has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985) (citations omitted). Second, state waiver does not apply because Judge Hughes, as a state employee, is being sued in his official capacity and has not waived such immunity. In fact, Judge Hughes expressly invokes Eleventh Amendment immunity, (Mem. Supp. Mot. Dismiss 6–7), and Crawford cites no Virginia statutory waiver applicable in this case, (*cf.* Resp). Finally, Crawford cannot escape the *Ex Parte Young* exception because she: (1) seeks remedial compensatory and declaratory relief rather than prospective injunctive relief; and, (2) alleges past rather than ongoing violations of her constitutional rights. *See Lee-Thomas,* 666 F.3d at 249. Because none of the three exceptions apply, Eleventh Amendment immunity bars Crawford's suit against Judge Hughes.

Because judicial immunity and Eleventh Amendment immunity apply to Judge Hughes and the allegations raised against him, the Court will grant Judge Hughes's Motion to Dismiss pursuant to Rule 12(b)(1). *See Chien*, 2019 WL 346761, at *6; *Haley*, 2012 WL 5494306, at *2 n.2.

B. **Even If Immunity Did Not Apply, the *Rooker–Feldman* Doctrine Would Prohibit This Court from Reviewing the State Court Decisions Underlying Crawford's Claims**

Even if Judge Hughes were not entitled to immunity, the *Rooker–Feldman* doctrine would prohibit this Court from exercising subject-matter jurisdiction over this action.[18] Under the *Rooker–Feldman* doctrine, this Court cannot review the state court decisions that adversely affected Crawford, constituting yet another basis for granting the Motion to Dismiss.

The *Rooker–Feldman* doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'" *Jordahl v. Dem. Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). Rather, "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately," the Supreme Court of the United States. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citations omitted).

> The controlling question in the *Rooker–Feldman* analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. Put another way, if "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual," *Rooker–Feldman* is implicated.

*Jordahl*, 122 F.3d at 202 (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). "Under the *Rooker–Feldman* doctrine, lower federal courts may not consider either

---

[18] "Any claim barred by the *Rooker–Feldman* doctrine is 'properly dismissed for want of subject-matter jurisdiction.'" *Field v. Berman*, 526 F. App'x 287, 291–92 (4th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

15

'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.'" *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (quoting *Plyler*, 129 F.3d at 731).

The *Rooker–Feldman* doctrine prohibits this Court from reviewing the state court decisions at issue in this case. In her Complaint, Crawford seeks a declaration that she holds valid title to the Property, and that any deed of sale to the Property is void. (Compl. 5.) But to make that declaration, this Court would necessarily have to determine that the state court judgment in the Eviction Proceeding "was erroneously entered," implicating the *Rooker–Feldman* doctrine. *Jordahl*, 122 F.3d at 202. Crawford also seeks compensation for legal expenses incurred because Judge Hughes decided to enter a "nonfinal Order" against Crawford in the Collection Proceeding, allegedly in violation of Virginia Supreme Court Rule 1:1. (Compl. 4–5.) But to grant Crawford the compensation sought, the Court would necessarily have to "review a state court decision and thus pass upon the merits of that state court decision," which the *Rooker–Feldman* doctrine prohibits. *Jordahl*, 122 F.3d at 202. Accordingly, the Court would find the *Rooker–Feldman* doctrine applicable even if judicial immunity and Eleventh Amendment immunity did not bar this action: this would provide a third reason for granting the Motion to Dismiss. *See Field*, 526 F. App'x at 291–92.

### C. Even If the Court Could Exercise Jurisdiction over This Action, The Court Would Grant the Motion to Dismiss Because Crawford Fails to State a Claim

Even if the Court had jurisdiction, it would grant the Motion to Dismiss because Crawford fails to state a claim. Crawford brings this § 1983 action for Judge Hughes's alleged violations of her Fourteenth Amendment right to equal protection under the law, but even reading the well-pleaded allegations as true and in her favor, Crawford does not allege facts from which this Court can infer a constitutional violation.

Section 1983 is not itself a source of substantive rights, but rather provides a vehicle through which plaintiffs may challenge alleged deprivations of their constitutional rights. *See generally Carey v. Piphus*, 435 U.S. 247, 253 (1978) (stating that § 1983 "was intended to '[create] a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secure[d]' to them by the Constitution." (quotation omitted)). In broad terms, to state a claim under § 1983, "a plaintiff must establish three elements . . . : (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997); *see also Brown v. Mitchell*, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004) (citations omitted) ("[A] plaintiff must show that the defendant, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."). Regarding the first prong of her § 1983 claim—deprivation of a right secured by the Constitution or federal law—Crawford alleges a violation of her right to equal protection.

"In order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he [or she] was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity in Ath., Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) (citations omitted); *see also Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he [or she] has been treated differently from others with whom he [or she] is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.") Once a plaintiff shows differential treatment and animus, the court "proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Garraghty*, 239 F.3d at 654 (citations omitted).

17

Liberally reading Crawford's filings, the Court finds that she does not allege facts indicating that she was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus. In her Complaint, Crawford alleges that she belongs to a protected class as an African American female, and that Judge Hughes "violated her rights to housing and rights to money that [she] earned to ensure the opposing party (White Man and or Woman) prevailed or bring [sic] harm to [Crawford]." (Compl. 4.) But those allegations do not give rise to an equal protection claim because Crawford does not identify any person to whom she was similarly situated but was treated differently by Judge Hughes. *See Equity in Ath.*, 639 F.3d at 108; *Garraghty*, 239 F.3d at 657–58. Crawford's conclusory allegations do not indicate that Judge Hughes purposefully discriminated against her on the basis of her race or sex. Because Crawford "pleads no facts that, even construed liberally, could support an inference that any unequal treatment stemmed from discrimination," *Willoughby v. Virginia*, No. 3:16cv784, 2017 WL 4171973, at *5 (E.D. Va. Sept. 20, 2017) (Lauck, J.), she does not allege a violation of her equal protection rights. As a result, her § 1983 claim falters. *See Jenkins*, 119 F.3d at 1159; *see also* 42 U.S.C. § 1983.

Accordingly, even if this Court had jurisdiction, it would grant the Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 6.) The Court will deny the Motion to Disqualify, (ECF No. 9), the Motion to Introduce, (ECF No. 10), and the Motion to Amend, (ECF No. 17). The Court will dismiss Crawford's Complaint, (ECF No. 1), without prejudice and provide her the opportunity to amend her Complaint.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/25/21
Richmond, Virginia